UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARYL ROBERT HARRISON, *et al.*,

    Defendants.

Case No. 3:20-cr-105

District Judge Michael J. Newman

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO SEVER THEIR TRIALS (DOC. NOS. 31, 33)**

---

This criminal case is before the Court on the motions to sever filed by Defendant Robert Harrison and his stepson, co-Defendant Daryl Harrison. Doc. Nos. 31, 33. On April 26, 2021, the Court heard oral argument from both sides with respect to Defendants' motions to sever via GoToMeeting and took the matter under advisement. Doc. No. 34.

Federal Rule of Criminal Procedure 8(b) allows multiple defendants to be indicted together if "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 2003). The Sixth Circuit strongly favors joint trials in cases "where charges against multiple defendants are proven by using evidence from the same series of acts[.]" *United States v. Parks*, 278 Fed. App'x 527, 531 (6th Cir. 2008). However, defendants properly joined under Rule 8 may be severed if a joint trial "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Nonetheless, "even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008).

A district court should allow severance under Rule 14(a) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In order to succeed on a motion to sever, a defendant "must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

Co-Defendants Robert Harrison and Daryl Harrison urge this Court to sever their trials based on their familial relationship, disparate levels of culpability, and antagonistic defenses. *See generally* Doc. Nos. 31, 33. The government argues that the Defendants have not made the requisite showing necessary to overcome the burden of establishing "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. For the reasons that follow, this Court finds Defendants have made this showing.

While "familial relationships alone are not sufficient to require severance under Rule 14," a court may grant a motion to sever where co-defendants establish that an additional specific trial right will be prejudiced if subjected to a joint trial. *United States v. Williams*, 662 Fed. App'x 366, 381 (6th Cir. 2016). Risk of prejudice may arise from what has been termed "spillover effect," which describes the risk that a jury will convict a defendant "not on the basis of evidence relating to [him or her] but imputing to [him or her] guilt based on the activities of [other conspirators]." *See United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985) (quoting *Unites States v. Tolliver*, 541 F.2d 958, 962 (2d Cir. 1976)). "In cases where there exists a serious incongruity between the charges against one defendant and the charges against his or her co-defendant, the risk of spillover

effect is heightened." *United States v. Georges*, No. 2:20-cr-157 (2), 2021 WL 1616074, at *3 (S.D. Ohio Apr. 26, 2021). The Supreme Court has acknowledged that the risk of prejudice to a criminal defendant from a joint trial will be heightened where "defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539.

In this case, Daryl Harrison is charged with sixteen counts (including conspiracy to commit mail and wire fraud, wire fraud, mail fraud, and witness tampering) while Robert Harrison is charged with just one count (of conspiracy to commit wire fraud). Doc. No. 3. The government alleges that Defendants are involved in a scheme where they made fraudulent statements to investors to acquire funds, then misused those funds for their own personal benefit. *Id*. at PageID 13-14. Robert Harrison argues he was arguably only tenuously involved in this scheme. Doc. No. 31 at PageID 131. He contends that he received no benefit from being listed on the bank accounts at issue, and no evidence suggests he withdrew money from the accounts for his personal use. *Id*. Robert Harrison additionally argues that he did not facilitate conversations with investors and did not communicate with them. *Id*. He maintains that his only connection to this alleged scheme was that the bank accounts at issue were in his name but controlled by his stepson, Daryl. *Id*.

This Court finds that a joint trial will result in unnecessary prejudice to Robert Harrison in light of the disparity of evidence and charges between him and his co-Defendant. Requiring him to be jointly tried with Daryl Harrison would lead to the jury hearing substantially more evidence regarding his stepson Daryl Harrison's conduct and would likely result in a spillover effect that would risk allowing the jury to impute to Robert Harrison's guilt based on the alleged misconduct of his stepson and co-Defendant, Daryl Harrison. *See Gallo*, 763 F.2d at 1526; *see also United States v. Musgrave*, No. 3:11-CR-183, 2012 WL 4051942, at *7 (S.D. Ohio Sept. 13, 2012) (granting a motion to sever where "the overwhelming majority of evidence will pertain to alleged

criminal conduct of his co-defendant."). Even with limiting instructions, there would be an impermissible danger of the jury convicting Robert Harrison on a theory of "guilt by association" once it hears substantial evidence about his co-defendant and their familial ties. *United States v. Georges*, 2021 WL 1616074, at *4 (granting defendant's motion to sever where there was a serious discrepancy in charges between co-defendants).

Accordingly, Defendants' motions to sever their trials (doc. nos. 31, 33) are well-taken and **GRANTED**.

**IT IS SO ORDERED.**

Date:  May 5, 2021                     s/Michael J. Newman
                                                                                    Hon. Michael J. Newman
                                                                                    United States District Judge