## IN THE UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CASE NO. 3:20 CR 105** |
| Plaintiff, | * | |
| | * | |
| -vs- | * | **JUDGE MICHAEL J. NEWMAN** |
| | * | |
| **DARYL ROBERT HARRISON** | * | **DEFENDANT'S SENTENCING** |
| | * | **MEMORANDUM** |
| Defendant. | * | |

---

Now comes Defendant, Daryl Harrison, by and through Counsel, submits this Sentencing Memorandum for the Court's consideration at his sentencing, scheduled for March 15, 2023. Mr. Harrison requests a sentence below the applicable guideline range, as calculated and reviewed pursuant to 18 U.S.C. §§ 3553(a) and 3661, that is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing.


Respectfully submitted,

/s/Christopher A. Deal
Christopher A. Deal (0078510)
Law Office of Gump, Deal & Hirth
Attorney for Defendant
61B South Main Street
Centerville, Ohio 45458
P: (937) 854-4900
F: (937) 854-0320
**cadeal@gumplaw.com**

<u>**MEMORANDUM**</u>

Defendant Daryl R. Harrison now faces sentencing after being found guilty by the Jury on September 15, 2022 on one count of Conspiracy to Commit Mail Fraud and Wire Fraud, a violation of 18 U.S.C. §1341, §1343 and  §1349, a Class C felony which carries a term of imprisonment of not more than twenty (20) years; one count of Mail Fraud, a violation of 18 U.S.C. §1341, a Class C felony which carries a term of imprisonment of not more than twenty (20) years; seven (7) counts of Wire Fraud, a violation of 18 U.S.C. §1343, a Class C felony which carries a term of imprisonment of not more than twenty (20) years; and one count of Witness Tampering, a violation of 18 U.S.C. §1512(b)(3), a Class C felony which carries a term of imprisonment of not more than twenty (20) years.

## I.     Presentence Investigation Report

After Mr. Harrison's conviction, A Presentence Investigation Report was filed on December 8, 2022.  According to the Presentence Investigation Report, it states that the offense that the base level offense was 7 and that a fourteen (14) point increase would apply as the intended loss was more than $550,000, but less than $1,500,000.  In addition: There is a recommendation pursuant to U.S.S.G. § 2B1.1(b)(2)(B) for a four (4) point increase as five or more victims suffered financial hardship; There is a two (2) point increase pursuant to U.S.S.G. § 3B1.1(c) for Mr. Harrison's role as the organizer, leader, manager or supervisor; There is a two (2) point increase pursuant to U.S.S.G. § 3B1.3 stating that Mr. Harrison abused a position of public or private trust; And finally there is a two (2) point increase pursuant to U.S.S.G. §  3C1.1 stating that Mr. Harrison obstructed or impeded the administration of justice.  The final enhancement level was thirty-one (31).

Regarding Mr. Harrison's Criminal History Level, the Presentence Investigation Report

states that the Defendant has a criminal history computation of two (2), however finds that there is a two (2) point increase pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while still on probation, leaving the total criminal history score as four (4), thus establishing a criminal history level as III. Based upon the prior the total offense level and criminal history category, the guideline imprisonment range was 135 to 168 months, and the recommendation was for Mr. Harrison to serve 168 months (14 years), the maximum amount under these guidelines.

On December 29, 2022, Defense Counsel filed corrections/objections to the Presentence Investigation Report, challenging some of the enhancements and criminal history index. Namely, Mr.Harrison believes that the two (2) point enhancement for five (5) or more people suffering financial hardship would not apply, that the two (2) point enhancement for abusing a position of public or private trust would not apply, and that the two (2) point increase to his criminal history score for committing the above listed offenses while on probation should not apply. According to Mr. Harrison's calculation, he believes that his offense level should be around twenty-seven (27) and that his criminal history category level should be II. Under these guidelines, he would have a guideline imprisonment range of 78-97 months (Criminal History Category II, Net Offense Level 27).

A hearing was held on March 1, 2023 regarding Mr. Harrison's corrections/objections to the Presentence Investigation Report, and the Court overruled these objections on March 9, 2023. Despite, the Court overruling these objections, Mr. Harrison begs the Court to follow his guideline imprisonment range that he calculated for reasons stated at the March 1, 2023 hearing and included in his December 29, 2022 PSI Corrections/Objections letter.

**II.    Mitigating Circumstances**

Prior to being incarcerated, Mr. Harrison resided in Colorado with his wife Stephanie Harrison and their six (6) children. Mr. Harrison has been in custody since around October 2, 2021. Since prior to Mr. Harrison turning himself into custody, his wife Stephanie has been battling stage IV cancer which has led to many emergency hospital stays since Mr. Harrison has been at the Butler County Jail. She has also struggled with trying to balance raising their children while at that same time battling cancer. (See Letter by Stephanie Attitpoe/Harrison, a copy of which is attached hereto as Defendant's Exhibit A).

In addition, Mr. Harrison has touched a lot of lives throughout the good he has accomplished in his life. (See Letter from Ashton Palmi, a copy of which is attached hereto as Defendant's Exhibit B); (See Letter from Carrie Ann Palmi, a copy of which is attached hereto as Defendant's Exhibit C); (See Letter from George Wright, a copy of which is attached hereto as Defendant's Exhibit D); (See Letter from Barbara Taylor Sanders, a copy of which is attached hereto as Defendant's Exhibit E); and (See Letter from Steve Mozland, a copy of which is attached hereto as Defendant's Exhibit F). While Mr. Harrison was in Dayton and also continued in Colorado, he would engage in volunteer work to feed the homeless and give assistance to drug addicts whose addiction to drugs initially caused them to have nothing to look forward to. While being held at the Butler County Jail, Mr. Harrison continues to assist others. Mr. Harrison states that he holds prayer everyday in the D-Pod gym at the Butler County Jail, where he also works as a porter of services.

Because of the above state reasons, Mr. Harrison believes the Court should find the advisory guideline imprisonment range of 78-97 months (Criminal History Category II, Net Offense Level 27) and begs this Court for the minimum guideline sentence or less.

Respectfully submitted,

_/s/Christopher A. Deal_____
Christopher A. Deal (0078510)
Law Office of Gump, Deal & Hirth
Attorney for Defendant
61B South Main Street
Centerville, Ohio 45458
P: (937) 854-4900
F: (937) 854-0320
**cadeal@gumplaw.com**

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing served on all parties of record via e-mail through the Court's electronic filing system.

/s/Christopher A. Deal_____
Christopher A. Deal (0078510)